That IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv162

| | |
|---|---|
| BONNIE LOGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RUTHERFORD COUNTY BOARD OF )<br>EDUCATION, et al., )<br>)<br>Defendants. )  | MEMORANDUM AND<br>RECOMMENDATION |

Pending before the Court is Defendants' Motion to Dismiss [# 22]. Plaintiff, who is proceeding *pro se* brought this action against Defendants asserting a claim for race discrimination pursuant to Title VII of the Civil Rights Act of 1964. Defendants move to dismiss the Second Amended Complaint in its entirety. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the motion [# 22].

I.  **Background**

Plaintiff, who is African American, was employed by Defendant Rutherford County Board of Education ("Rutherford County") as a bus driver. (Pl.'s 2nd Am. Compl. at pp. 4, 6, 18, 30.)  Defendant Hendrix is the Chief Operating Officer for

-1-

Rutherford County Schools. (Id. at p. 4.) Defendant Robinson is the Director of Human Resources for the Rutherford County Schools. (Id. p. 29.)

At some point during October of 2013, Plaintiff was driving a bus to pick up children for school.[1] (Id. at pp. 4, 30.) Linda Cole, a bus monitor employed by Defendant Rutherford County, was also on the bus. (Id.) Cole is a white female. (Id. at pp. 3-4, 30.)

While Plaintiff was operating the bus, an incident occurred where a child became unruly and was eventually removed from the bus when the bus arrived at the child's day care. (Id. at pp. 4, 30.) After the child was removed from the bus, Plaintiff continued on her scheduled route. (Id. at p. 30.) As Plaintiff was pulling out of the day care she heard the child hit the bus with his hand. (Id.) Plaintiff, however, could not see the child. (Id.) Because Plaintiff could not see the child, she asked the bus monitor where the child was located, and the monitor informed Plaintiff that the child was running behind the bus. (Id.) The monitor then informed Plaintiff that the child fell to his knees in the middle of the road. (Id.) Plaintiff then stopped the bus. (Id.) Once the monitor informed Plaintiff that the child was no longer in sight, Plaintiff called the bus garage and reported the incident to the Transportation Director. (Id.) Plaintiff then proceeded on her bus

---

1     The Second Amended Complaint and the attached documents list various dates when the incident at issue occurred. See e.g. (Pl.'s 2nd Am. Compl. at pp. 4, 30.) At this stage, however, the Court need not resolve these discrepancies, as it does not impact the ruling on Defendants' Motion to Dismiss.

route. (Id.)

The day after the incident, someone with Defendant Rutherford County informed Plaintiff not to report to work due to a pending investigation into the incident with the child. (Id.) Defendant Rutherford County subsequently terminated Plaintiff's employment. (Id. at pp. 3-4, 30.) The Assistant Superintendent informed Plaintiff that she was terminated for disregard to a student's safety. (Id. at p. 30.) Plaintiff, however, contends that she was terminated as the result of unlawful racial discrimination because the white bus monitor that was also on the bus was not terminated and was not questioned during the investigation. (Id. at pp. 3-4, 30.)

After her termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Id. at p. 3.) Once the EEOC issued Plaintiff a Notice of Right to Sue, she brought this action for racial discrimination pursuant to Title VII. Defendants then moved to dismiss the Second Amended Complaint in its entirety. The District Court referred the Motion to Dismiss to this Court. Defendants' Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Second Amended Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Second Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

#### A. The Title VII Claims against Defendants Robinson and Hendrix

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of race. 42 U.S.C. § 2000e-2(a)(1). As a general rule, an individual supervisor may not be held liable under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); Buckner v. Gen. Signal Tech. Corp., 163 F. Supp. 2d 617, 626 (W.D.N.C. 2000) (Cogburn, Mag. J.); Edwards v. Am. Red Cross, No. 3:12CV493-GCM, 2012 WL 6727117, at *2 (W.D.N.C. Dec.

27, 2012) (Mullen, J.) (Unpublished). An individual, however, may be liable if he or she constitutes an employer within the meaning of the statute. See 42 U.S.C. §2000e; Mayes v. Moore, 419 F. Supp. 2d 775, 790 (M.D.N.C. 2006) ("Within this circuit, individual supervisors, unless they are otherwise an employer under the statute, are not liable for Title VII claims.").

Plaintiff asserts a claim for race discrimination against Defendants Robinson and Hendrix pursuant to Title VII. Defendant Hendrix is the Chief Operating Officer for Rutherford County Schools. (Id. at p. 4.) Defendant Robinson is the Director of Human Resources for the Rutherford County Schools. (Id. p. 29.) Neither individual is Plaintiff's employer within the meaning of Title VII. Because Defendants Robinson and Hendrix were not Plaintiff's employer during Plaintiff's tenure as a bus driver for Defendant Rutherford County, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 22] as to the Title VII claims asserted against Defendants Robinson and Hendrix.

### B. The Title VII Claim against Defendant Rutherford County

Defendant Rutherford County also moves to dismiss the Title VII claim asserted against it as Plaintiff's employer. Specifically, Defendant Rutherford County contends that Plaintiff failed to allege facts that support each element of a prima facie case for discrimination as set forth in McDonnell Douglas Corp. v.

Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).  As the United States Supreme Court has made clear, "[t]he prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 997 (2002).  A plaintiff asserting a Title VII claim need not satisfy the requirements for establishing a prima facie case under McDonnell Douglas to survive a defendant's Rule 12(b)(6) motion to dismiss.  Id. at 511; Fischer v. Winston-Salem Police Dept., 28 F. Supp. 3d 526, 530 (M.D.N.C. 2014) ("[T]he Supreme Court in Swierkiewicz held that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under the framework set forth in McDonnell Douglas.")  The Supreme Court's subsequent decision in Twombly did not alter this rule.  Craddock v. Lincoln Nat. Life Ins. Co., 533 F. App'x 333, 336 n.3 (4th Cir. 2013) (unpublished).

Although Plaintiff could have pled her claim with more clarity and included more supporting factual allegations, drawing all reasonable inferences in Plaintiff's favor, the Court finds that the Second Amended Complaint sets forth a claim for race discrimination under Title VII that is plausible on its face.  Plaintiff alleges that she is a member of a protected class and that Defendant Rutherford County terminated her employment because of her race. (Pl's 2nd Am. Compl. pp 3, 30.)

In support of her claim that she was terminated because of her race, Plaintiff alleges that Defendant Rutherford County made the decision to terminate her based on what they had heard rather than the facts, that Plaintiff had the bus's stop signal displayed when the child was removed from the bus at the day care facility, that she was treated rudely by Defendant Hendrix during the investigation into the incident, that Defendants did not question bus monitor Cole about the incident, and Defendants did not terminate bus monitor Cole, who is of a different race than Plaintiff, for her role in the incident. (Id. at pp. 4, 30.) In short, Plaintiff alleges that she was terminated not because of the incident with the child but because of her race. Although sparse, Plaintiff has alleged just enough factual allegations to support her race discrimination claim. Accordingly, the Court **RECOMMMENDS** that the District Court **DENY** the Motion to Dismiss as to the Title VII claim asserted against Rutherford County.

**IV. Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the motion [# 22]. The Court **RECOMMENDS** that the District Court **GRANT** the motion as to the claims asserted against Defendants Martha Robinson and Benny Hendrix and **DENY** the motion as the claims asserted against Defendant Rutherford County Board of Education.

Signed: February 24, 2015

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).