# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:14cv162

| | |
|---|---|
| BONNIE F. LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| DAVID SUTTON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is the Motion for Summary Judgment [# 42].

Plaintiff, who is proceeding *pro se,* brought this action against a number of

Defendants asserting a claim for race discrimination pursuant to Title VII of the

Civil Rights Act of 1964. Defendants then moved to dismiss the claims asserted in

the Second Amended Complaint. The Court granted in part and denied in part the

Motion to Dismiss, dismissing all the claims other than the Title VII claim asserted

against Defendant Rutherford County Board of Education ("Rutherford County").

Defendant Rutherford County now moves for summary judgment on the remaining

claim. The District Court referred the Motion for Summary Judgment to this

Court. Upon a review of the record and the relevant legal authority, the Court

**RECOMMENDS** that the District Court **GRANT** the Motion for Summary

1

Judgment [# 42].

## I.  Factual Background

Plaintiff was employed by Defendant Rutherford County as a school bus driver for students with special needs.  (Def.'s First Req. Admis. No. 1-2, ECF No. 44.)  On October 16, 2013, while driving a school bus, Plaintiff picked up several special-needs students at Spindale Elementary School. (Cole Aff. ¶ 2, ECF No. 46.)  Linda Cole, who was also employed by Defendant Rutherford County, was serving as the bus monitor on the school bus Plaintiff was driving.  (Id.; Def.'s First Req. Admis. No. 4.)

J.S. was one of the students who boarded the bus at Spindale Elementary. [1] (Cole Aff. ¶ 3.)  When J.S. boarded the school bus, he was upset about something that had happened at school, and a teaching assistant and assistant principal boarded the bus to help calm J.S. down.  (Id.)  Once these individuals calmed J.S. down, Plaintiff started the bus route.  (Id.)

When Plaintiff arrived at J.S.'s daycare center located on West Main Drive, J.S. would not get off the bus.  (Id. ¶ 4.)  After Plaintiff was eventually able to get

---

[1] The Affidavits of Cole and Mason submitted by Defendant Rutherford County both reference an incident with the child J.S.  (Cole Aff., ECF No. 46; Mason Aff., ECF No. 45.)  The Defendant's First Request for Admissions also references the incident with J.S. (Def.'s First Req. Admis., ECF No. 44.)  The affidavit of Escourse, however, references an incident with the child J.E. rather than J.S.  (Escourse Aff., ECF No. 47.)   It appears to the Court that the affidavit of Escourse is inaccurate and, thus, the Court has disregarded it for purposes of ruling on this Motion for Summary Judgment.

J.S. off the bus, and the daycare instructor had control of J.S., Plaintiff returned to the bus and began driving down West Main Drive. (Id. ¶¶ 4-6.) Once the bus started moving, J.S. broke free from the daycare instructor and began running after the bus down West Main Drive. (Id. ¶ 6; Def.'s First Req. Admis. No. 8; Logan Aff. ¶ 7, ECF No. 49; Ciavatta Aff. ¶ 6. ECF No. 48.) Cole could see J.S. running after the bus, and she informed Plaintiff that J.S. was running behind the bus. (Cole Aff. ¶¶ 6-7.) Plaintiff did not immediately stop the bus. (Def.'s First Req. Admis. No. 10.) When the bus reached the Sherman Williams parking area on the other side of West Main Drive on Main Street, Plaintiff stopped the bus. (Id. ¶ 7.)

An investigation into the incident involving J.S. ensued. (Mason Aff. ¶¶ 3-4, ECF No. 45.) Cole and Plaintiff both submitted statements as to what transpired on October 16, 2013. (Cole Aff. ¶ 8; Def.'s First Req. Admis. Nos. 5-7.) According to Plaintiff, she did not immediately stop the bus when Cole told her that J.S. was chasing the bus down the street because she was over railroad tracks, and that she had to find the nearest place to pull the bus over. (Ex. A to Def.'s First Req. Admis. p. 2.)

On October 18, 2013, Janet Mason, the Superintendent for the Rutherford County Schools, the Rutherford County Schools Transportation Director, the C.O.O for Rutherford County Schools, and Cole rode the bus route at issue.

(Mason Aff. ¶¶ 2-5.)  Based on her personal observations, Superintendent Mason was able to see the distances between the day care center and where Plaintiff stopped the bus.  (Mason Aff. ¶ 5.)  The Transportation Director also prepared a memorandum and recommendation containing several eyewitness statements.  (Ex. C. to Mason Aff.)  Transportation Director McClung recommended that Defendant Rutherford County give Plaintiff the opportunity to resign, and if she chooses not to resign to terminate her employment.  (Id. p. 2.)

Based on the investigation, Superintendent Mason determined that Plaintiff unnecessarily created a dangerous situation for J.S. by not stopping the bus as soon as she became aware that J.S was in the road chasing the bus.  (Mason Aff. ¶ 6.) Superintendent Mason states that she made the decision to terminate Plaintiff because of the dangerous situation Plaintiff created for J.S., and that the decision had nothing to do with Plaintiff's race.  (Id. ¶ 8.)   Superintendent Mason did not discipline Cole based on the incident with J.S. because Superintendent Mason did not believe that she did anything wrong.  (Id. ¶ 7.)

Plaintiff, however, contends that she was terminated because of her race.  In support of her contention, Plaintiff submitted the affidavit of Roy Shelton, a former bus driver for Rutherford County Schools.  (Shelton Aff., ECF 55.)  Shelton contends that he was fired from his position as a driver and replaced by a white

driver.  (Id.)  Shelton further states that he was discriminated against based on his race by his supervisor, Geneva Hudgins.  (Id.)

Defendant Rutherford County now moves the Court for summary judgment on Plaintiff's remaining claim.  After the District Court referred the motion to this Court for a Memorandum and Recommendation, the Court instructed Plaintiff of her obligation to respond to the Motion for Summary Judgment and the time frame for doing so.  (Order, Oct. 8, 2015, ECF No. 50.)  In addition, the Court granted Plaintiff additional time for responding to the motion.  (Order, Nov. 5, 2015, ECF No. 53.)  Plaintiff then filed a brief response to the motion and submitted the affidavit of Shelton.  Accordingly, the motion is now properly before this Court for a Memorandum and Recommendation to the District Court.

## II.    Legal Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The existence of some alleged factual dispute between the parties will not defeat a motion for summary.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003).  Rather,

there must be a genuine issue of material fact.  <u>Dash v. Mayweather</u>, 731 .3d 303,

310-11(4th Cir. 2013).  "Only disputes over facts that might affect the outcome of

the suit under the governing law will properly preclude the entry of summary

judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."

<u>Anderson</u>, 477 U.S. at 248, 106 S. Ct. 2510.  Finally, in deciding a motion for

summary judgment, the Court need only consider the materials cited by the parties.

Fed. R. Civ. P. 56(c)(3).  The Court, however, may consider the other materials in

the record.  <u>Id.</u>

### IV.    Analysis

Title VII makes it unlawful for an employer to discriminate against an

employee on the basis of race.  42 U.S.C. § 2000e-2(a)(1).  Plaintiff contends that

she was discriminated against because of her race.  Specifically, Plaintiff contends

that Defendant Rutherford County fired her and retained Cole because of

Plaintiff's race, not because of the incident with J.S.

A plaintiff may establish a claim for race discrimination and avert summary

judgment two different ways.  <u>Holland v. Washington Homes, Inc.</u>, 487 F.3d 208,

213 (4th Cir. 2007); <u>see</u> <u>also</u> <u>Harris v. Home Sales Co.</u>, 499 F. App'x 285, 290 (4th

Cir. 2012).  First, Plaintiff can establish her race discrimination claim by

demonstrating through direct or circumstantial evidence that race was a motiving

factor in Defendant Rutherford County's decision to terminate Plaintiff's employment. Holland, 487 F. 3d at 2013. Courts refer to this approach as the mixed-motive framework. Worden v. SunTrust Banks, Inc., 549 F.3d 334, 341 (4th Cir. 2008). Under the mixed-motive framework, Plaintiff can establish a claim of race discrimination if she can demonstrate that, although Defendant Rutherford County's decision to terminate her may have been based upon legitimate, nondiscriminatory reasons, the decision was also based at least in part on racial bias on the part of the relevant decision maker. Murray v. United Food & Commercial Workers Union, 100 F. App'x 165, 175 (4th Cir. 2004).

Second, Plaintiff may avoid summary judgment by proceeding under the McDonnell Douglas pretext framework. Holland, 487 F.3d at 214. Under the pretext framework, Plaintiff must first establish a prima facie case of discrimination. Id. The facts necessary for establishing a prima facie case will vary depending on the specifics of the allegations of discrimination alleged under Title VII. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n.13, 93 S. Ct. 1817 (1973); Tabor v. Freightliner of Cleveland, LLC, 388 F. App'x 321, 322 (4th Cir. 2010).

Generally, a plaintiff may establish a prima facie case of race discrimination under Title VII by showing that: (1) plaintiff is a member of a protected class; (2)

plaintiff suffered an adverse employment action; (3) plaintiff had satisfactory job performance; and (4) different treatment from similarly situated employees outside the protected class.  Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).  In the employee discipline context, a plaintiff may establish a prima facie case of discrimination by showing that plaintiff engaged in prohibited conduct that was comparable in seriousness to the misconduct of employees outside the protected class, and that the disciplinary measures enforced against plaintiff were more severe than the measures enforced against these other employees.  Cook v. CSX Transp, Co., 988 F.2d 507, 511 (4th Cir. 1993); Kelley v. United Parcel Serv., Inc., 528 F. App'x 285, 286 (4th Cir. 2013); Tabor, 388 F. App'x at 322.  "When assessing the seriousness of misconduct, 'precise equivalence in culpability between employees is not the ultimate question . . . comparison can be made in light of the harm caused or threatened to the victim or society, and the culpability of the offender.'"  Tabor, 388 F. App'x at 322 (quoting Moore v. City of Charlotte, N.C., 754 F.2d 1100, 1107 (4th Cir. 1985) (internal quotation marks and citations omitted)).

If Plaintiff can make this prima facie case of discrimination, then the burden of production shifts to Defendant Rutherford County to articulate a legitimate, nondiscriminatory reason for Plaintiff's termination.  Holland, 487 F.3d at 214;

Harris, 499 F. App'x at 292. If Defendant Rutherford County satisfies its burden of production, then the burden shifts back to Plaintiff to prove by a preponderance of the evidence that Defendant Rutherford County's stated reasons for Plaintiff's termination were not its true reason but, rather, a pretext for unlawful race discrimination. Holland, 487 F.3d at 214; Cook, 988 F.2d at 511. "The plaintiff, however, always bears the ultimate burden of proving that the employer intentionally discriminated against him." Cook, 988 F.2d at 511.

As a threshold matter, Plaintiff has not come forward with sufficient evidence to proceed under the mixed-motive framework. Plaintiff has not come forward with direct or circumstantial evidence that race was a motiving factor in Defendant Rutherford County's decision to terminate Plaintiff's employment. See Holland, 487 F. 3d at 213. Accordingly, Plaintiff must proceed under the McDonnell Douglas pretext framework to avoid summary judgment in this case. See Holland, 487 F. 3d at 214; Tabor, 388 F. App'x at 322.

Plaintiff, however, fails to clearly articulate the precise nature of her allegation of race discrimination. It is unclear to the Court whether Plaintiff contends that she was terminated because of her race and replaced with a similarly qualified individual outside the protected class, see Holland, 487 F.3d at 214, or whether Plaintiff contends that she was discriminated against based on the

enforcement of employee disciplinary measures, see Cook, 988 F.2d at 511.

Regardless of which legal theory Plaintiff intends to proceed under, Plaintiff has failed to set forth a prima facie case of race discrimination.

First, Plaintiff has offered no evidence of satisfactory job performance at the time of her termination. See Holland, 487 F.3d at 214; Kelley, 528 F. App'x at 286. In fact, the undisputed evidence before the Court is that Defendant Rutherford County found Plaintiff's job performance unsatisfactory at the time of her termination because she put a child at risk while driving a school bus. Second, Plaintiff has not produced evidence that she was replaced by an individual outside the protected class. See Holland, 487 F.3d at 214. Third, Plaintiff has not produced sufficient evidence that she engaged in prohibited conduct similar to that of an individual outside the protected class and that the discipline enforced against Plaintiff was more severe that the other person. See Kelley, 528 F. App'x at 286. Although Plaintiff contends that Cole engaged in similar to more severe conduct than Plaintiff and was not disciplined for her actions while Plaintiff was terminated, the undisputed evidence before the Court demonstrates that the actions of the two individuals where not sufficiently similar to support a prima facie claim of race discrimination. Plaintiff was driving the bus during the incident at issue. Plaintiff did not stop the bus when she was told by Cole that J.S. was chasing the

bus.  Plaintiff has failed to come forward with any evidence that Cole engaged in prohibited conduct that should have resulted in her discipline.  Because Plaintiff has not met her burden of demonstrating a prima facie case of race discrimination, Defendant Rutherford County is entitled summary judgment as to Plaintiff's Title VII claim.

Even assuming that Plaintiff has set forth a prima facie claim of race discrimination, Defendant Rutherford County is still entitled to summary judgment because it has come forward with a legitimate, nondiscriminatory reason for Plaintiff's termination, and Plaintiff has failed to show by a preponderance of the evidence that Defendant Rutherford County's proffered reason for her termination was a pretext for unlawful race discrimination. See Holland, 487 F.3d at 214; Kelley, 528 F. App'x at 286.  Defendant Rutherford County met its burden of demonstrating that Plaintiff was fired as the result of her failure to stop the bus in a timely manner upon learning that J.S. was chasing the bus.  Plaintiff has failed to put forth sufficient evidence demonstrating that this proffered reason was false or not credible and was merely a pretext for race discrimination.  The record is devoid of evidence that could give rise to the inference that Superintendent Mason's explanation for Plaintiff's termination was pretextual or that Superintendent Mason did not believe that Plaintiff created a dangerous situation for J.S. by not stopping

the bus once she learned that J.S. was chasing the bus. Finally, the affidavit of Shelton is insufficient to rebut the proffered reason for Plaintiff's termination. In fact, the affidavit fails to even mention the decision maker who determined that Plaintiff should be terminated for her actions. Accordingly, the Court finds that Defendant Rutherford County is entitled to summary judgment as to Plaintiff's Title VII claim. The Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 42].

## V. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 42].

Signed: February 11, 2016

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).