UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00162-MOC-DLH

| | |
|---|---|
| **BONNIE LOGAN,** | ) |
| Plaintiff, | ) |
| Vs. | ) **ORDER** |
| **DAVID SUTTON, et al.** | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#57). In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff Bonnie Logan filed Objections (#60) within the time allowed and Defendant Rutherford County Board of Education filed a Response (#63) to such objections. The court notes that the ruling on the Memorandum and Recommendation in this case was stayed on February 12, 2016 until the parties filed a Report of Mediation. The parties filed such a report on March 14, 2016, see (#62), indicating that they had reached an impasse. As all required documents have been filed, the court will now consider the Memorandum and Recommendation and Objections.

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v.

1

Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation and the objections asserted.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. For the reasons explained herein, the court will overrule each of Plaintiff's objections and affirm the recommendation of the magistrate judge.

    **I.    Discussion of Plaintiff's Objections**

Plaintiff asserts the following objections to the M&R, arguing that magistrate judge: 1) misstated the applicable legal standard on summary judgment; 2) misstated the applicable legal standard for determining claims of race discrimination under Title VII; 3) incorrectly concluded that no circumstantial evidence existed in this case to support a finding that race was a motivating factor in Plaintiff's termination; and 4) erroneously relied on the "honest belief" defense asserted by Defendant. Plaintiff also appears to make a motion to conduct additional discovery by her fifth objection. The court will address each objection in turn.

    *1.  Summary Judgment Standard*

Plaintiff argues that the magistrate judge did not fully identify the applicable summary

judgment standard. Plaintiff correctly states that when ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and that courts are to apply "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir. 2015) (citing Tolan v. Cotton, 134 S. Ct. 1861, 1868 (2014)). Plaintiff also correctly notes that the magistrate judge did not explicitly recite these well-known statements of law in his decision. Plaintiff, however, offers absolutely no argument as to how the magistrate judge failed to apply such governing standards to the facts of this case. Upon review, the court finds no error. Here, the decision of the magistrate judge was rendered based on a combination of Plaintiff's own written statement, own admissions, the unrebutted testimony of employees of Defendant, and the affidavits of unbiased members of the general public. Plaintiff neither identifies any "reasonable inferences" that should have been drawn in her favor based upon the evidence presented, nor points to any part of the M&R where the magistrate judge failed to view the evidence in the light most favorable to her. Upon careful review, this court finds none. The court will therefore overrule Plaintiff's first objection.

*2. Title VII Standard*

Plaintiff next argues that the magistrate judge incorrectly stated the methods of proof for articulating a case of race discrimination pursuant to Title VII. The court finds no error in the magistrate judge's statement of applicable law. The magistrate judge properly followed the standards articulated in Holland v. Washington Homes, Inc., 487 F.3d 208, 213-14 (4th Cir. 2007), which is binding on this court. The Fourth Circuit noted in Holland:

> A plaintiff generally may defeat summary judgment and establish a claim for race discrimination through one of two avenues of proof. First, a plaintiff may establish

> a claim of race discrimination by demonstrating through direct or circumstantial evidence that his race was a motivating factor in the employer's adverse employment action. ...The second method of averting summary judgment [known as the McDonnell Douglas pretext framework,] is to proceed under a 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination.

Holland, 487 F.3d at 213-14 (internal citations and quotation marks omitted). See also Foster v. Univ. of Maryland-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015) ("Plaintiffs may prove [Title VII] violations either through direct and indirect evidence of retaliatory animus, or through the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). We have also referred to these two 'avenues of proof' as the 'mixed-motive' framework and the 'pretext' framework, respectively.") (internal citation omitted). The court notes that Plaintiff does not make any argument as to how the magistrate judge should have treated the evidence presented in this case any differently than he did. Because the magistrate judge correctly identified the legal standards governing the disposition of Plaintiff's Title VII claim, the court will overrule her second objection.

### 3. *Circumstantial Evidence*

Although Plaintiff's third objection is titled as a challenge to the magistrate judge's finding that no circumstantial evidence existed in this case, it appears that Plaintiff seeks to generally challenge the magistrate judge's treatment of all evidence presented in this case. The court finds that the magistrate judge's discussion of the evidence in his M&R, and his recommendation that such evidence failed to establish a prima facie case of race discrimination under the applicable legal standards, to be fully consistent with governing law. In order to establish a prima facie case under the McDonnell Douglas pretext framework, Plaintiff must show that: (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at

4

the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class, or that she faced different treatment from similarly situated employees outside the protected class. See Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Kelley v. United Parcel Serv., Inc., 528 F. App'x 285, 286 (4th Cir. 2013) (citing Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)).

The magistrate judge found that there are no genuine issues of disputed material fact in this case. Plaintiff has not presented any argument or evidence to indicate otherwise by her objections. Here, Plaintiff's employer clearly felt that Plaintiff's failure to stop the bus immediately upon learning that a distraught child was chasing the school bus down a road, with traffic flowing in both directions, created a dangerous situation for the child. See (Mason Affidavit and Exhibits (#45)). The magistrate judge properly concluded that such unrebutted evidence established that Plaintiff was not performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action.[1] See (M&R (#57), p. 10). He also correctly found that Plaintiff had not produced evidence that she was replaced by someone outside of the protected class or that she was treated differently from similarly situated employees outside the protected class. See Holland, 487 F.3d at 214; Kelley v.

---

[1] The "legitimate expectations" element of the prima facie case requires Plaintiff to prove by a preponderance of the evidence "that [s]he was doing [her] job well enough to rule out the possibility that [she] was fired for inadequate job performance, absolute or relative." Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 515 (4th Cir. 2006) (internal citation and quotations omitted). A court considering this prong may look at evidence of an employee's unsatisfactory job performance, even if that alleged deficient performance was the event that caused the termination. Id. at 515–16. However, the fact that the single unsatisfactory incident is the cause of the termination does not necessarily mean that summary judgment should be granted in Defendant's favor. Indeed, the Fourth Circuit stated in Warch that it was "cognizant of the danger that courts might apply the 'expectations' or 'qualification' element of the prima face too strictly in some cases, resulting in the premature dismissal of potentially meritorious claims of unlawful discrimination." Id. at 516. In analyzing satisfactory job performance, the relevant inquiry is to the perception of the decision maker, not the self-assessment of the plaintiff. King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003).

5

United Parcel Serv., Inc., 528 F. App'x 285, 286 (4th Cir. 2013).

While Plaintiff argues that the fact that no disciplinary action was taken against bus monitor Linda Cole (a white woman) indicates that she was treated differently than a similarly situated employee outside the protected class, the court agrees with the magistrate judge that the two women were not sufficiently similar to be considered comparators within the Title VII framework. The Fourth Circuit stated in Kelley,

> In the employee disciplinary context, [t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful. Indeed, [t]he most important variables ... and the most likely sources of different but nondiscriminatory treatment, are the nature of the offenses committed and the nature of the punishments imposed. We have held that, to establish a comparator, a plaintiff must show that [he is] similar in all relevant respects to [his] comparator. Such a showing would include evidence that the employees dealt with the same supervisor, were subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

Kelley, 528 F. App'x at 286 (internal citations and quotations omitted). Plaintiff has failed to provide evidence establishing such a comparator relationship. Here, as in Kelley, the two employees were not engaged in the same conduct—Plaintiff was driving the bus and Cole was not. Additionally, Plaintiff has offered no evidence that the two women were subject to the same standards, and the court finds it unlikely that the two positions, one of which involved driving children and one which did not, involved comparatively similar employment standards. As such, even in the light most favorable to Plaintiff, she has failed to establish the third and fourth elements of a prima facie case of race discrimination. Plaintiff's third objection is therefore overruled.

### 4. *Honest Belief Defense*

Plaintiff next asserts that the magistrate judge erred by accepting Defendant's "honest

belief" defense that Plaintiff deserved to be fired. As the magistrate judge nowhere uses the words "honest belief" in his M&R, the court believes that Plaintiff is referring to the magistrate judge's decision to credit Defendant's statement that it fired Plaintiff because of the school bus incident, and not because of any racially discriminatory reason. The court agrees with the recommendation that even assuming Plaintiff had set forth a prima facie case of race discrimination, Defendant has articulated a legitimate, non-discriminatory reason for terminating her employment. See (M&R) (#57 at p. 11-12)). Defendant offered uncontroverted evidence that after an investigation, it found that Plaintiff, a school bus driver for special-needs children, placed a child's life at risk by failing to immediately stop when a child ran after the bus and, by Plaintiff's own statement, fell down in the middle of the street. See (Doc. 45, p. 6). As Plaintiff has not offered any evidence to call this determination into doubt, i.e. that such reason was pretext for discrimination, the court finds that the magistrate judge's recommendation is not in error. This court has previously noted that "when an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, it is not [the province of the court] to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." Hawkins v. PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000) (internal citation and quotation marks omitted). Whether or not the court finds the incident at issue to be sufficiently egregious to merit Plaintiff's termination is irrelevant to the question of whether she was terminated unlawfully on the basis of her race. Because the court agrees with the magistrate judge's recommendation that Defendant met its burden of showing that it fired Plaintiff for a legitimate, non-discriminatory reason, as well as his recommendation that Plaintiff has failed to come forward with any evidence of pretext to call such legitimate reason into doubt, it will overrule Plaintiff's objection as to the "honest belief" defense.

7

### 5. *Additional Discovery*

By her fifth objection, Plaintiffs seeks leave from the court to obtain additional discovery, arguing that additional time is needed to collect evidence relating to the school board's policies governing school bus operation, evidence of other bus drivers' employment experiences with Defendant, and depositions of employees of Defendant and other witnesses. Federal Rule of Civil Procedure 56, which governs summary judgment motions, provides:

> **d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56. While the court acknowledges that litigating a civil action in federal court is a complicated and challenging matter for licensed attorneys, let alone pro se litigants, the court notes that Plaintiff had eight (8) months to complete discovery. In his order entered on October 8, 2015, Magistrate Judge Howell reminded Plaintiff that discovery in this case did not close until March 1, 2016. Plaintiff has failed to offer the court any reason as to why she was unable to conduct her desired discovery within the timeframe set by the court or why she is unable to "present facts essential to justify" opposition of summary judgment. As such, to the extent that she now seeks additional time for discovery, over six (6) months after Judge Howell reminded her of the discovery deadlines, such request will be denied. To the extent that Plaintiff's fifth request for relief is construed as an objection to the Memorandum and Recommendation, such objection is overruled.

## II. Conclusion

Based on the above determinations, the court will overrule each of Plaintiff's objections, fully affirm the Memorandum and Recommendation, and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#57) is **AFFIRMED,** Plaintiff's Objections (#60) are **OVERRULED**, Defendant's Motion for Summary Judgment (# 42) is **GRANTED,** and this action is **DISMISSED**.

The Clerk of Court is instructed to enter a Judgment consistent with this Order.

Signed: March 25, 2016

Max O. Cogburn Jr
United States District Judge